```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEXANDER CLIFFORD, et al.,                                 :
                                                            :
                                    Plaintiffs,             :
                                                            :      20-CV-2804 (VSB)
           - against -                                      :
                                                            :
                                                            :      ORDER APPOINTING LEAD
                                                            :     PLAINTIFF AND LEAD COUNSEL
TRON FOUNDATION, et al.,                                    :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2020

Appearances:

Devin Freedman
Roche Cyrulnik Freedman LLP
Miami, FL
*Counsel for Plaintiffs*

Edward John Normand
Kyle William Roche
Jordana Lauren Haviv
Roche Cyrulnik Freedman LLP
New York, NY 10016
*Counsel for Plaintiffs*

Philippe Zuard Selendy
Jordan Ari Goldstein
Michelle P. Foxman
Mitchell D. Nobel
Selendy & Gay PLLC
New York, NY
*Counsel for Plaintiffs*
*Counsel for Movants Corey Hardin, David Muhammad, and Chase Williams*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Alexander Clifford and Chase Williams ("Plaintiffs") bring this securities class action lawsuit against TRON Foundation ("TRON"), Justin Sun, TRON's co-founder, and Zhiqiang (Lucien) Chen, a co-founder and former Chief Technology Officer of TRON (together "Defendants"), for allegedly promoting, offering, and selling an unregistered security called the TRX token through an Initial Coin Offering ("ICO"). (Compl. ¶ 1.)[1] Before me is the motion of Corey Hardin, David Muhammad, and Chase Williams ("Movants") seeking: (1) appointment as lead plaintiffs; and (2) approval of co-lead counsel. The motion is unopposed. Because I find under the Private Securities Litigation Reform Act of 1995 ("PSLRA") that Movants are the "most capable of adequately representing the interests of [the] class members," 15 U.S.C. § 77z-1(a)(3)(B)(i), Movants' motion to be appointed lead plaintiffs and for approval of their selection of co-lead counsel is GRANTED.

## I. Factual Background and Procedural History[2]

On April 3, 2020, Plaintiffs filed the class action complaint. Plaintiffs allege that since at least June 26, 2017, Defendants have been promoting, offering, and selling an unregistered security called the TRX token. (Compl. ¶¶ 1, 49–54.) Defendants issued a "whitepaper" to investors describing the TRX tokens' utility, explicitly stating that the tokens—which are a form of digital assets—were not being offered as securities, and thus omitted required securities law disclosures. (*Id*. ¶¶ 5, 56.) Defendants created 100 billion TRX tokens, sold 40 percent of those tokens through an ICO running from August 31 to September 2, 2017 ("Offering Period"), retained approximately 35 percent of the tokens, sold 15 percent of the tokens in what they

---

[1] "Compl." refers to the Class Action Complaint, filed April 4, 2020 ("Complaint"). (Doc. 1.)

[2] The facts in Section I are recited for background only, and are not intended to and should not be viewed as findings of fact.

2

described as a "private offering," and used 10 percent of the tokens to pay an initial TRON supporter. (*Id.* ¶¶ 50–52.) Through the ICO alone, Defendants raised over $70 million. (*Id.* ¶ 52.) During the Offering Period, TRX tokens were listed, promoted, and sold on various crypto-asset exchanges, and have since fallen precipitously in price. (*Id.* ¶¶ 53, 94.)

On April 9, 2020, six days after the filing of the Complaint, Counsel published a notice of the Complaint through Business News Wire in accordance with 15 U.S.C. § 77z-1(a)(3)(A)(i).[3] (Declaration of Kyle Roche ("Roche Decl."), Exhibit C ("PSLRA Notice") (Doc. 20-3).) On or about May 12, 2020, Clifford and Williams effected service of process on Defendant TRON. (Doc. 23.) On June 8, 2020, Movants timely filed this motion seeking appointment as lead plaintiffs and approval of Roche Cyrulnik Freedman LLP and Selendy & Gay PLLC as co-lead counsel.

## II. Discussion

### A. *Appointment of Lead Plaintiff*

The PSLRA provides that a district court must "appoint as lead plaintiff the member or members . . . that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). Pursuant to the PSLRA, courts must adopt a presumption that the most adequate plaintiff is the person or entity who (1) "either filed the complaint or made a [timely] motion" to be appointed lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23

---

[3] The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action . . . that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). First, "[n]ot later than 20 days" after the first complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported class "of the pendency of the action, the claims asserted therein, and the purported class period" and "not later than 60 days after the date on which the notice is published, any member of the purported plaintiff class may move the court to serve as lead plaintiff . . . ." 15 U.S.C. § 77z-1(a)(3)(A)(i).

of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff.  *See Springer v. Code Rebel Corp.*, No. 16-CV-3492, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) ("Although the . . . motion is unopposed, the Court must still ensure that it is the most adequate plaintiff under the PSLRA.").

First, Movants satisfied the timely motion requirement by filing their motion on June 8, 2020, "not later than 60 days after the date on which the notice [was] published . . . ." 15 U.S.C. § 77z-1(a)(3)(A)(i).  Additionally, Movant Williams was the first to file the Complaint in this action, and no other complaint has been filed related to these claims.

Second, Movants have proffered sufficient evidence that they have an extensive financial interest in this case.  In making the determination of which plaintiff has the greatest financial interest, courts consider four factors:  (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See, e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005).  The magnitude of the loss is the most significant factor.  *See Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007).  As detailed in Movants' moving papers and supporting declarations, Hardin and Muhammad suffered losses of $284,787.00 and $32,738.09, respectively, and Williams suffered losses of approximately $139.52. (Doc. 19, at 6.)  The Movants are not aware of any other class members with greater financial losses, nor have any such class members come forward.  I therefore find that Movants losses are sufficient to demonstrate Movants' significant financial interest in the relief sought by the class.

Third, Movants "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  In making the determination of whether a movant otherwise satisfies the requirements of Rule 23, the movant must "make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  *In re eSpeed*, 232 F.R.D. at 102.  This determination "need not be as complete as would a similar determination for the purpose of class certification," *id.*, and the movant is only required to make a prima facie showing that it meets the typicality and adequacy requirements, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *cf. Kaplan*, 240 F.R.D. at 94.  In considering the adequacy of a proposed lead plaintiff, a court must consider whether the proposed lead plaintiff:  (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question.  *Reitan v. China Mobile Games & Entm't Grp. Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014).  Members of the class are "[a]ll persons who purchased TRX Tokens, which were first sold on or about June 26, 2017."  (Compl. ¶ 95.)  As purchasers of TRX Tokens, Movants have claims "aris[ing] from the same conduct from which the other class members' claims and injuries arise," *In re Initial Public Offering*, 214 F.R.D. at 121, and thus satisfy the typicality requirement.  Further, Movants meet Rule 23's adequacy requirement.  There is no evidence that Movants claims would conflict with those of the class, and Movants' damages reflect a "sufficient interest in the outcome of the case."  *In re Initial Public Offering*, 214 F.R.D. at 121.  In addition, Movants' proposed lead counsel are both experienced and qualified, have represented plaintiffs in multiple other securities class action litigations, have the ability to conduct the litigation effectively, and have already investigated and commenced this lawsuit on behalf of the class.

If a movant satisfies the three statutory factors—making a timely motion, demonstrating the largest financial interest, and otherwise satisfying Rule 23—then "the court shall adopt a presumption that" the movant is the "most adequate plaintiff," 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), which I do here with respect to Movants.  "[O]ther members of the purported class may try to rebut the statutory presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is incapable of adequately representing the class because of 'unique defenses.'"  *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).  In the absence of any competing motions, however, there is no basis to rebut Movants' presumptive lead plaintiff status in this case.

### B.   *Appointment of Lead counsel*

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 77z-1(a)(3)(B)(v).  There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection."  *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (citations omitted).  Having reviewed Movants' memorandum of law, I find that Roche Cyrulnik Freedman LLP and Selendy & Gay PLLC will adequately and effectively represent the interests of the class.

### III. Conclusion

For the foregoing reasons, Movants' motion for appointment as lead plaintiffs and for approval of selection of co-lead counsel is GRANTED.  Accordingly, it is hereby:

ORDERED that Corey Hardin, David Muhammad, and Chase Williams are appointed Lead Plaintiffs in the above-captioned action, and the Court designates the law firms Roche Cyrulnik Freedman LLP and Selendy & Gay PLLC as Co-Lead Counsel in this action.

IT IS FURTHER ORDERED that Lead Plaintiffs are directed to file an amended complaint no later than sixty (60) days after the date of issuance of this Opinion & Order. Defendants are directed to answer or otherwise respond to the second amended complaint no later than thirty (30) days after Lead Plaintiffs serve the amended complaint.

IT IS FURTHER ORDERED that Co-Lead Counsel shall be generally responsible for coordinating activities during pretrial proceedings and shall:

a. Determine and present (in briefs, oral argument, or other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Lead Plaintiffs and the proposed class on all matters arising during pretrial proceedings;

b. Coordinate the conduct of discovery on behalf of Lead Plaintiffs and the proposed class consistent with the requirements of Rule 26 of the Federal Rule of Civil Procedure, including preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. Conduct settlement negotiations on behalf of Lead Plaintiffs and the proposed class;

d. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

e. Prepare the case for and conduct trial; and

Case 1:20-cv-02804-VSB Document 25 Filed 06/30/20 Page 8 of 8

      f. Perform such other duties as may be incidental to the proper coordination of pretrial and trial activities or authorized by future order of the Court.

      The Clerk of Court is respectfully directed to terminate the pending motion at Document 18.

SO ORDERED.

Dated: June 30, 2020
        New York, New York

Vernon S. Broderick
United States District Judge

8