```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COREY HARDIN, DAVID MUHAMMAD,                               :
and CHASE WILLIAMS, individually and on                     :
behalf of all others similarly situated,                    :
                                                            :      20-CV-2804 (VSB)
                                      Plaintiffs,           :
                                                            :            ORDER
                  - against -                               :
                                                            :
                                                            :
TRON FOUNDATION, JUSTIN SUN, and                            :
ZHIQIANG (LUCIEN) CHEN,                                     :
                                                            :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2020

VERNON S. BRODERICK, United States District Judge:

On April 3, 2020, Plaintiffs Alexander Clifford and Chase Williams ("Plaintiffs") filed suit against Defendants Tron Foundation, Justin Sun, and Zhiqiang (Lucien) Chen. (Doc. 1.) Before me is Plaintiffs' motion for alternative service pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. 30.) For the reasons that follow, Plaintiffs' motion is GRANTED.

Plaintiffs' counsel commenced an investigation to identify an address for service of process on Defendant Chen. "This investigation included . . . searches through corporate records, social media accounts, websites, blog posts, interviews, government registries, business addresses, and residential addresses both in the United States and abroad." (Roche Decl. ¶ 3.)[1] Because Chen held himself out as located in Beijing, China on his LinkedIn profile, and Defendant Tron Foundation initially operated out of China, Plaintiffs' counsel engaged a private

---

[1] "Roche Decl." refers to the Declaration of Kyle W. Roche in support in support of Plaintiff motion for alternative service. (Doc. 32.)

investigator to search for an address in China.  (*Id.*)  On or around June 1, 2020, Plaintiffs' counsel was informed that a potential address for Defendant Chen was found in China.  (*Id.*)  On or around June 4, 2020, Plaintiffs transmitted the requisite service documents to an international process server to effectuate service on Chen at that potential address pursuant to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").  (*Id.*)  On or about June 26, 2020, a request to serve Chen was submitted to the Central Authority in China, and Plaintiffs' counsel has received no status updates since then.  (*Id.*)

Plaintiffs now propose service on Defendant Chen through electronic means, namely, at the publicly available email for the company Defendant Chen recently founded and leads, Volume Network Foundation:  feedback@volumenetwork.io; through a personal email address potentially affiliated with Defendant Chen:  zhiqiang_chen1@126.com; and through Defendant Chen's social media profile on LinkedIn.

Fed. R. Civ. P. 4(f) provides that individuals in foreign countries may be served (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention"; (2) "by a method that is reasonably calculated to give notice," including "as the foreign authority directs in response to a letter rogatory or letter of request"; and (3) "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f).  "Service under subsection [4(f)](3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (internal quotation marks omitted).  A court possesses wide discretion to order alternative service of process under Rule 4(f)(3). *See S.E.C. v. Lines*,

No. 07 CIV. 11387(DLC), 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009).  "Service by email may be appropriate where service by physical mail is not feasible." *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, No. 20CV2807(DLC), 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020). "Similarly, service via known social media accounts is permissible." *Id.* "A plaintiff seeking permission to use alternative service for a foreign defendant under Rule 4(f)(3) must show why service pursuant to the Hague Convention is not required and that the proposed method is not prohibited by the Hague Convention or another applicable international law." *Id.* (quoting *Lines*, 2009 WL 2431976, at *2 (citation omitted)). "Although China has objected to the alternative methods of service listed in Article 10 of the Hague Convention," "[s]ervice by email or social media are not among those listed in Article 10." *Id.*

Court-ordered means of service under Rule 4(f)(3) must "comport[ ] with constitutional notions of due process," *S.E.C. v. Anticevic*, No. 05 Civ. 6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009), meaning service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015).  Additionally, courts in the Southern District of New York "generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3):  (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi v. Rajapaska*, No. 11 Civ. 6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012).

Applying the above standards, I grant Plaintiffs' motion to serve Defendant Chen through the proposed alternative electronic means.  First, Plaintiffs have shown that they reasonably attempted to effectuate service on Defendant Chen and that the circumstances are such that the

3

court's intervention is necessary. Plaintiffs timely attempted service through the Hague Convention; have corresponded with the Chinese Central Authority; and have even retained a private investigate to further their efforts. Plaintiffs have not received any further status update on their efforts, however, and waiting for additional updates could significantly delay this case. Additionally, I find that Plaintiffs' proposed means of alternative service comport with constitutional notions of due process, and will fairly apprise Defendant Chen of this case. Plaintiffs have identified a publicly available email address associated with Defendant Chen, a possible personal email address, and his LinkedIn account, which, when used in conjunction is reasonable calculated to provide the requisite notice to Defendant Chen.

Accordingly, it is hereby:

ORDERED that Plaintiffs are authorized to serve Defendant Chen through (i) Chen's known LinkedIn profile; (ii) the potential email address associated with Chen, zhiqiang_chen1@126.com; and (iii) the following email address associated with the company Chen recently founded, Volume Network Foundation: feedback@volumenetwork.io.

The Clerk of Court is directed to terminate the open motion at Document 30.

SO ORDERED.

Dated: September 1, 2020
      New York, New York

Vernon S. Broderick
United States District Judge