

September 16, 2020

**Via ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Clifford, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB, Motion for Coordination with Similar Actions

Dear Judge Broderick:

We represent the Plaintiffs in this action and write to inform the Court that earlier today our firms ("Counsel") requested a pre-motion conference with the Court in *Lee, et al. v. Binance, et al.*, 1:20-cv-02803-ALC (S.D.N.Y.), seeking leave to file a motion to coordinate (the "Motion to Coordinate") for pretrial purposes the *Binance* action (which is the first filed and lowest docketed of the cases that would be subject to the motion) with nine other actions raising similar issues of law and fact in this District, including this action (the "*Binance* Letter," attached as Ex. 1).[1] We respectfully ask the Court to consider the *Binance* Letter and to approve coordination of this action with the other cases.

The ten cases (the "ICO Cases") that are the subject of the Motion to Coordinate each arise from initial coin offerings of digital tokens. As discussed at greater length in the *Binance* Letter, the ICO Cases involve overlapping issues of law and fact. For example, each ICO Case raises the question of whether the digital tokens at issue in that case are

---

[1] Counsel have also filed letters notifying the District Judges in the other actions that are the subject of the motion to coordinate, which are: *Williams, et al. v. HDR Global Trading Limited, et al.*, No. 1:20-cv-02805-ALC (S.D.N.Y.); *Williams v. KuCoin, et al.*, No. 1:20-cv-02806-GBD (S.D.N.Y.); *IN RE BIBOX GROUP HOLDINGS LIMITED SECURITIES LITIGATION*, 1:20-cv-02807-DLC (S.D.N.Y); *Holsworth v. BProtocol Foundation, et al.*, No. 1-20-cv-02810-AKH (S.D.N.Y.); *Zhang, et al. v. Civic Technologies, Inc., et al.*, No. 1:20-cv-02811-AT (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd., et al.*, No. 1:20-cv-02812-RA (S.D.N.Y.); *Williams v. Quantstamp, Inc., et al.*, No. 1:20-cv-02813-LAP (S.D.N.Y.); and *Clifford v. Status Research & Development GmbH, et al.*, No. 1:20-cv-02815-NRB (S.D.N.Y.).

securities. Resolving this question for any one digital token requires the resolution of several questions of law and fact common to each digital token. Because the digital tokens at issue are technically similar, rely on the same cryptographic protocol, and were distributed in similar ways, it will increase efficiency to resolve these common questions on a coordinated basis.

In addition, the digital tokens at issue overlap across the ICO actions that are the subject of this motion. For example, the TRX digital token, issued by the primary defendant in *Clifford, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB (S.D.N.Y.), is also at issue in three other actions (*Lee, et al. v. Binance, et al.*, 1:20-cv-02803-ALC (S.D.N.Y.), *Williams v. KuCoin, et al.*, No. 1:20-cv-02806-GBD (S.D.N.Y.), and *IN RE BIBOX GROUP HOLDINGS LIMITED SECURITIES LITIGATION*, No. 1:20-cv-2807-DLC (S.D.N.Y.)). Resolving key issues of law and fact in one of these actions, such as whether TRX is a security, will necessarily determine related issues in other actions. The same is true for the other tokens.

At the same time, each ICO Case features different defendants committing misconduct over different time periods and under distinct factual circumstances. Accordingly, the ICO Cases are not good candidates for formal consolidation under Federal Rule of Civil Procedure 42. Coordination, with the consent and approval of the District Judges assigned to the ICO Cases, would best resolve the common questions of law and fact and reduce the burden on the Court and the parties in service of judicial economy, consistency of adjudication, and the best interests of the proposed classes.

In the interest of judicial efficiency, as well as efficiency to the litigants and witnesses who may otherwise be subject to overlapping discovery demands, Plaintiffs respectfully request that the Court consider the request for coordination of this action with the other ICO Cases.

Respectfully submitted,

*/s/ Kyle W. Roche*  
Kyle W. Roche  
Roche Cyrulnik Freedman LLP

*/s/ Jordan A. Goldstein*  
Jordan A. Goldstein  
Selendy & Gay, PLLC