Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Jordan Goldstein
Partner and General Counsel
212 390 9008
jgoldstein@selendygay.com

March 10, 2024

**Via ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Clifford, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB, Notice of Supplemental Authority

Dear Judge Broderick:

We write on behalf of Plaintiffs in the above-referenced action ("*Tron*") to notify the Court of supplemental authority directly relevant to Defendants' pending motion to dismiss (ECF No. 54). In *Williams, et al. v. Binance, et al.* ("*Binance*"), No. 22-972, --- F.4th ----, 2024 WL 995568 (2d Cir. Mar. 8, 2024) (attached hereto as Exhibit A), the U.S. Court of Appeals for the Second Circuit reversed the district court's dismissal of securities claims arising from the very same transactions at issue here. The Second Circuit's ruling in *Binance* is controlling authority that is directly applicable to the instant claims.[1]

**Timeliness.** In *Binance*, Plaintiffs Williams and Hardin (*i.e.*, the same plaintiffs at issue in *Tron*) brought claims under Section 12(a)(1) of the Securities Act of 1933 ("Securities Act") arising from their purchases of the TRX token on the Binance exchange. The Second Circuit reversed the district court's dismissal of those claims on timeliness grounds, holding that all claims brought by Plaintiffs Williams and Hardin under Section 12(a)(1) arising from their purchases of TRX within one year before filing suit were timely. *See* Ex. A, at 28–32. The Second Circuit's ruling in *Binance* directly rejects the arguments advanced by Defendants at Sections I and II.F. of their Memorandum of Law in Support of their Motion to Dismiss ("MTD"), ECF. No. 55. Contrary to Defendants' arguments

---

[1] Defendants previously submitted as supplemental authority to this Court the now-*reversed* opinion of the district court in *Binance*. *See* ECF No. 86. In their notice, Defendants described the now-reversed Binance opinion as "germane to and apply equally to Defendants' pending motions to dismiss in the instant case." *Id.* at 3.

Hon. Vernon S. Broderick
March 10, 2024

(*see* MTD, at 12–16), Plaintiffs' claims could not accrue before their purchases occurred, and therefore Plaintiffs have necessarily asserted timely claims under Sections 12(a)(1) and 12(a)(2) of the Securities Act as to all purchases of TRX within one year before filing suit. *See also* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion To Dismiss The Amended Class Action Complaint, ECF No. 66 ("MTD Opp."), at 4–6, 9–12.

***Extraterritoriality.*** The Second Circuit in *Binance* likewise rejected Defendants' arguments (*see* MTD, at 28–30) that Plaintiffs' claims based on their purchases of TRX on Binance were impermissibly extraterritorial under *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). *See* Ex. A, at 12–27. The purchases at issue in *Binance* are the same purchases by the same plaintiffs of the same token on the same crypto-exchange at issue in *Tron*. Accordingly, the Second Circuit's holding that these purchases constitute "domestic transactions" under *Morrison* is controlling. *See also* MTD Opp., at 26–28.

***Absent Class Members.*** The Second Circuit also rejected Defendants' arguments (*see* MTD, at 18–20, 30) that Plaintiffs' claims on behalf of absent class members should be dismissed. As the Second Circuit explained:

> Dismissal at this stage on this basis was improper. "[A]s long as the named plaintiffs have standing to sue the named defendants, any concern about whether it is proper for a class to include out-of-state, nonparty class members with claims subject to different state laws is a question of predominance under Rule 23(b)(3)" to be decided after the motion to dismiss stage.

Ex. A, at 39–40 (alteration in original) (quoting *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2d Cir. 2018)). Accordingly, Plaintiffs' Section 12(a)(2) and Blue Sky claims are not subject to dismissal on standing grounds. *See also* MTD Opp. 16–17, 29.

Respectfully submitted,

*/s/ Jordan Goldstein*

Jordan Goldstein
SELENDY GAY PLLC
1290 Avenue of the Americas, 17th Floor
New York, NY 10104
Tel: (212) 390-9008
jgoldstein@selendygay.com

*Counsel for Plaintiffs and the Proposed Class*