**FENWICK**

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Dean S. Kristy
dkristy@fenwick.com | 415.875.2387

March 14, 2024

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Clifford et al. v. TRON Foundation et al.*, No. 1:20-cv-02804-VSB
      Response to Plaintiffs' Notice of Supplemental Authority

Dear Judge Broderick:

We represent defendants TRON Foundation ("TRON") and Justin Sun (together, "Defendants"). We write in response to plaintiffs' March 10, 2024 notice of supplemental authority (ECF No. 106) concerning the Second Circuit decision in *Williams v. Binance*, No. 22-972, --- F.4th ----, 2024 WL 995568 (2d Cir. Mar. 8, 2024) (ECF No. 106-1, or, "Binance Op."), vacating Judge Carter's opinion dismissing the action. As briefly discussed below, plaintiffs cannot avoid dismissal of the claims in this case based on *Binance.*

As a preliminary matter, the *Binance* decision did not address many of the bases on which Defendants have sought dismissal here, including, for example, the absence of any false or misleading statements needed to plead a claim under Section 12(a)(2) of the Securities Act of 1933 (the "1933 Act"), the untimeliness of that claim under the governing one-year statute of limitations (given that it was not even asserted until 17 months after this case was filed via the amended complaint), the inadequacy of the statutory seller allegations as to TRON, and the inapplicability of Section 12 to claims brought against TRON by secondary market purchasers like plaintiffs. Nor is *Binance* relevant to the absence of personal jurisdiction over TRON or Mr. Sun (sued only as an alleged "control" person), and the availability of another forum, in Singapore, to litigate this matter.

Plaintiffs' letter does not contend otherwise. Instead, it relies heavily on the *Binance* court's determination that some of the plaintiffs' purchases of alleged "unregistered securities" sold by Binance under Section 12(a)(1) were timely to the extent they were made within one-year of the complaint (but not as to earlier periods). Binance Op. at 4, 28. Indeed, as to certain tokens, apparently purchased earlier, plaintiffs did not contest the point on appeal. *Id.* at 27 & n.5. Moreover, nothing in *Binance* discussed, much less decided, that plaintiffs' misrepresentation claims under Section 12(a)(2) were timely. Although plaintiffs' letter to the Court mistakenly adds a reference to Section 12(a)(2) (at

Hon. Vernon S. Broderick
March 14, 2024
Page 2

page 2), no such claim was addressed in *Binance*. Nor can anything in that decision be read as holding that the misrepresentation claim asserted here (based on a 2017 TRON whitepaper) can be timely in a suit filed almost three years later, which did not initially include a claim under Section 12(a)(2), and only belatedly added it 17 months later in the amended complaint. Moreover, the claims against Binance, an exchange, are fundamentally distinct from claims against TRON, an alleged issuer. For the reasons addressed in Defendants' pending motion, that claim should be dismissed as untimely.

Plaintiffs' letter also references the Second Circuit's extraterritoriality analysis in *Binance* under *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). Nothing in that opinion, however, addresses the sale by a foreign entity such as TRON, in an initial coin offering made, undisputedly, overseas and only to non-U.S. residents. Instead, the Second Circuit was presented with a different question – whether sales of alleged unregistered securities (including TRX) by the Binance exchange to U.S. residents on the secondary market were "domestic transactions" based on allegations that gave rise to a reasonable inference that Binance maintained computer servers and data centers in the United States to facilitate such trades. Binance Op. at 9, 16-22. In this respect, the Second Circuit was particularly concerned that, unlike a typical exchange (which has a readily identifiable location), Binance had disclaimed having any physical location, foreign or otherwise. *Id.* at 5, 19-22, 24, 26 n.3. In any event, as fully briefed in Defendants' motion to dismiss, liability under Section 12 against TRON cannot be predicated on secondary market transactions between unknown sellers and unknown buyers lacking privity with TRON.[1]

Finally, plaintiffs' letter notes that the Second Circuit reinstated state law claims where plaintiffs did not reside, holding that the question of plaintiffs' standing to assert those claims raised predominance questions for later resolution under Rule 23(b)(3). *Id.* at 39-40. While that decision is binding as to standing, it does not cure the substantive deficiencies identified in Defendants' motion to dismiss certain state law claims (for example, the privity requirement or timeliness). ECF No. 55 §§ II(A)-(B).

Respectfully submitted,

FENWICK & WEST LLP

*/s/ Dean S. Kristy*
Dean S. Kristy

---

[1] We note that plaintiffs in *Binance* are the same as in this case and, in addition to other tokens, seek to recover there for alleged losses associated with TRX. Plaintiffs cannot recover twice for the same alleged loss, which presents case management questions in the event this case survives Defendants' motion to dismiss.