Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Jordan Goldstein
Partner and General Counsel
212 390 9008
jgoldstein@selendygay.com

March 14, 2024

**Via ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Clifford, et al. v. Tron Foundation, et al.*, No. 1:20-cv-02804-VSB, Notice of Supplemental Authority

Dear Judge Broderick:

We write on behalf of Plaintiffs in the above-referenced action briefly to address two points in Defendants' March 14, 2024 letter to the Court (ECF No. 107, "Defs. Ltr.") regarding *Williams, et al. v. Binance, et al.* ("Binance"), No. 22-972, --- F.4th ----, 2024 WL 995568 (2d Cir. Mar. 8, 2024)—a case that concerns purchases of the same crypto-tokens by the same plaintiffs on the same crypto-exchange at issue in this action.

*First*, Defendants claim that "[a]lthough plaintiffs' letter to the Court mistakenly adds a reference to Section 12(a)(2) (at page 2), no such claim was addressed in *Binance*." (Defs. Ltr. at 1–2). But there is no mistake in Plaintiffs' March 10 letter. The *Binance* court relied on caselaw in both the Section 12(a)(1) and 12(a)(2) context in determining that a claim could not accrue prior to the purchase of a disputed security. *See, e.g.*, *Binance*, slip op. at 28, 2024 WL 995568, at *8 (citing *Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1033 n.5 (2d Cir. 1979) ("It is evident, however, that the limitations period here begins to run only after the sale, because it would be unreasonable to have the limitations period begin to run before the claim accrued, *i.e.*, before the sale occurred."), which addressed a Section 12(a)(2) claim). Because Plaintiff Williams purchased TRX within a year of the filing of the initial Complaint (ECF No. 1), and Plaintiff Hardin purchased TRX within a year of the filing of both the initial Complaint and the Amended Complaint (ECF No. 29), Plaintiffs have pled timely claims. *See* ECF No. 29, Exs. A, C.

*Second*, Defendants in a footnote raise—for the first time—an apparent objection to the fact that there is a partial overlap in plaintiffs between the instant case and *Binance*. Defendants now argue that this "presents case management questions." As an initial point,

Hon. Vernon S. Broderick
March 14, 2024

any such "case management questions" are vastly premature. In any event, although Plaintiffs cannot recover twice for the same injury, Defendants cite no authority suggesting that Plaintiffs may not continue to represent different classes whose interests are not antagonistic to one another—as they are doing so here—against *different* defendants. To the extent Plaintiffs do recover all of their losses, the remaining defendant(s) may make a motion—at the appropriate future time—for that to be taken into account in calculating their own respective damages.

Respectfully submitted,

*/s/ Jordan Goldstein*

Jordan Goldstein
SELENDY GAY PLLC
1290 Avenue of the Americas, 17th Floor
New York, NY 10104
Tel: (212) 390-9008
jgoldstein@selendygay.com

*Counsel for Plaintiffs and the Proposed Class*