**FENWICK**

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Dean S. Kristy
dkristy@fenwick.com  |  415.875.2387

September 18, 2024

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Clifford et al. v. TRON Foundation et al.*, No. 1:20-cv-02804-VSB
       Response to Plaintiffs' Notice of Supplemental Authority

Dear Judge Broderick:

We represent defendants TRON Foundation ("TRON") and Justin Sun (together, "Defendants"). We write in response to plaintiffs' September 13, 2024 notice of supplemental authority (ECF No. 112) concerning the decision in *In re Coinbase Global, Inc. Securities Litigation*, 2024 WL 4053009 (D.N.J. Sept. 5, 2024).

*Coinbase* is non-binding authority from a different circuit. It also is a fundamentally different case than this one, brought by holders of Coinbase's common stock and *not by token purchasers*. It raises fundamentally different issues than this case.

*Coinbase* granted in part and denied in part the defendants' motion to dismiss a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act") and denied defendants' motion to dismiss claims under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "1933 Act"). In evaluating the Section 10(b) claim, the court found that the plaintiffs had adequately alleged that the defendants "misleadingly described a favorable picture of the improbability that the [U.S. Securities and Exchange Commission ('SEC')] would file an enforcement action by repeatedly emphasizing that the crypto assets they listed were not securities." *Coinbase*, 2024 WL 4053009, at *13. That holding has no bearing on this case. No defendant here is a publicly traded company, and there are no statements at issue regarding the probability of a regulatory enforcement action.

Additionally, a separate aspect of the *Coinbase* decision *supports* dismissal in this case. The *Coinbase* court found that alleged misstatements which touted customers' trust in Coinbase based on the exchange's ability to safely secure customer assets were inactionable puffery. *Id.* at *11, 24. Many of the alleged misrepresentations in this case, such as those regarding TRON's functionality, utility, and roadmap, are inactionable for the

Hon. Vernon S. Broderick
September 18, 2024
Page 2

same reason—they are vague and general statements of corporate optimism, i.e., puffery. ECF No. 55 at 38.

                                                  Respectfully submitted,

                                                  FENWICK & WEST LLP

                                                  */s/ Dean S. Kristy*
                                                  Dean S. Kristy