**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COREY HARDIN and CHASE WILLIAMS,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

            v.

TRON FOUNDATION, JUSTIN SUN, and
ZHIQIANG (LUCIEN) CHEN,

                    Defendants.

Case No. 1:20-cv-02804-VSB-RWL

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF APPLICATION FOR THE ISSUANCE OF INTERNATIONAL LETTERS OF REQUEST (LETTERS ROGATORY)

Plaintiffs Corey Hardin and Chase Williams, on behalf of themselves and all others similarly situated, respectfully submit this reply memorandum of law in further support of Plaintiffs' Application for the Issuance of International Letters of Request (Letters Rogatory) (ECF No. 175, the "Application"). All capitalized terms not otherwise defined herein have the meanings set forth in Plaintiffs' Amended Class Action Complaint (ECF No. 29, "Complaint").

Plaintiffs' Application seeks the issuance of Letters of Request to Wintermute Trading Ltd. ("Wintermute") and LBK Blockchain Co., Limited ("LBK") so that Plaintiffs may obtain evidence material to the claims at issue in this action. *See* Application at 2. Wintermute and LBK are likely to possess documents relevant to the claims and defenses in this action, including documents that are probative of the ways in which Defendants sold, promoted, and propped up the market for TRX tokens. The materials sought from Wintermute and LBK are therefore relevant to the central issue of whether Defendants promoted, offered, and/or sold TRX in domestic U.S. transactions in violation of federal and state securities laws, including whether Defendants qualify as "statutory sellers" under *Pinter v. Dahl*, 486 U.S. 622 (1988).

After initially stating on July 21, 2025 that they "[did] not oppose the application concerning the LBK Blockchain subpoena," Ex. 1, Defendants reversed course, contradicted their prior position, and put forth two meritless objections in their Opposition to Plaintiffs' Application for the Issuance of International Letters of Request (Letters Rogatory) (ECF No. 178, or the "Opp.").

The first dispute concerns the definition of "Defendants" and "TRON Foundation" in the Letters of Request. Consistent with the prior letter of request issued by this Court on July 15, 2025 (ECF No. 170), the instant two Letters of Request adopt the following definitions:

> "Defendants" is defined as "TRON Foundation, Justin Sun, and Zhiqiang (Lucien) Chen, and any Person or Entity known to be acting on its or his behalf."

> "TRON Foundation" is defined to "include the TRON Foundation Limited, Justin Sun, and any known employee or other person acting on any such Person or Entity's behalf."

Defendants on July 24, 2025 objected to these definitions, arguing that the above definitions should "include Justin Sun only in his capacity as an alleged control person of TRON Foundation Limited." Ex. 2. Plaintiffs did not accept this change because it is not administrable to expect a third-party recipient of the Letters of Request to parse in what capacity Mr. Sun may have contacted them and whether it was on his own behalf or for the Tron Foundation. *See id.* at 4.

As Defendants concede, a nonparty such as Wintermute or LBK might have "a limited ability, if any, to identify a person or entity acting on behalf of Mr. Sun in his personal capacity," as opposed to his capacity "as an alleged control person of Tron Foundation Limited." Opp. at 1–2. Accordingly, the changes Defendants propose to the Letters of Request risk excluding relevant information concerning persons or entities acting on Mr. Sun's behalf in his capacity as a control person of Tron Foundation Limited. For example, if an attorney representing Mr. Sun contacted Wintermute to arrange for market-making activities on behalf of Mr. Sun, it is unrealistic to expect that Wintermute would be able to determine, in responding to this Letter of Request, whether that

2

outreach was on behalf of Mr. Sun in his own name, or on behalf of Mr. Sun acting for the Tron Foundation, or on behalf of Mr. Sun acting for some other entity. Rather, it seems highly likely that if Plaintiffs were, in fact, to serve the Letters of Request in the form Defendants demand that Wintermute would *object* to the modified definitions of Defendants and Tron Foundation as requiring the subpoena recipient to make a legal conclusion as to the precise role Mr. Sun occupied in approaching them, and specifically whether Mr. Sun was acting as a control person or something else. For that reason—as Plaintiffs explained in their July 28 correspondence to Defendants— Plaintiffs could not accept Defendants proposed edits to the Letters of Request. *See* Ex. 2. In any event, there is minimal risk that the definitions in the Letters of Request will sweep in information "without regard to the existence of a relationship to Tron Foundation Limited or the issues in this case," given that the requests in Plaintiffs' Applications only concern information relevant to this case. *See, e.g.*, ECF No. 175-2 at 7–8.

To the extent Wintermute or LBK ultimately has concerns regarding the meanings of the definitions and any associated burden, they will have an opportunity to raise such issues with Plaintiffs, but Defendants' hypothetical concerns on behalf of those third parties provide no basis for denying issuance of the Letters of Request in the first place. Indeed, Defendants did <u>not</u> make this objection to the definitions that were also inclusive of those "known to be acting" on Justin Sun's behalf in the Unopposed Application for the Issuance of International Letter of Request (Letters Rogatory) to Binance Holdings Limited (ECF No. 168), which the Court so-ordered on July 15, 2025. *See* ECF No. 170.

*Second*, Defendants argue that Plaintiffs' Letter of Request concerning Wintermute Trading Ltd. (ECF No. 175-3) is impermissible "pre-trial discovery" under the United Kingdom's Evidence (Proceedings in other Jurisdictions) Act 1975. Opp. at 2. But Defendants misapprehend

the meaning of "pre-trial discovery" under English law. "[I]n determining whether a foreign request inappropriately seeks 'pre-trial discovery,' the question is not merely whether the discovery is being sought before trial; rather, the English Courts will evaluate whether the request, instead of seeking relevant evidence to be introduced at a foreign trial, indiscriminately seeks information that is not reasonably targeted to obtaining relevant proof for trial." Ex. 3 (Opinion of John McElroy) ¶ 21. While Defendants cite *In re Asbestos Insurance Coverage Cases*, House of Lords [1985] 1 WLR (HL) 331 (Opp. at 2), they ignore developments in the governing standards under English law during the more than 30 years since that decision was issued. *See* Ex 3 ¶ 17. More recent cases have "adopt[ed] a less literal and more flexible interpretation approach" and "reaffirmed that a compendious description of documents complied with section 2(4) of the Act provided that the exact document in each case was clearly indicated." *Id; see also* Ex. 4 (Ex. JME 1); *Sakab Saudi Holding Co and others -v- Al Jabri & others* [2021] EWHC 3390 (QB); *Byju's Alpha Inc v OCI Ltd & Ors* [2025] EWHC 271 (KB).

Plaintiffs' requests satisfy the governing standards for foreign discovery requests and are not seeking impermissible "pre-trial discovery" under English law. The requests are "compliant with the current test applied by the English Courts," including because the "description of the documents being requested are clarified by time period, subject, sender and recipient," which is "more than sufficiently certain so that Wintermute knows the documents it is required to search for." *Id.* ¶ 22 (citing *Byju's Alpha Inc v OCI Ltd & Ors* [2025] EWHC 271 (KB)); *id.* ¶ 24. Furthermore, "[t]he Request has been made at an appropriate time during proceedings as the Plaintiffs seek evidence to substantiate their claims (as pleaded in the Amended Complaint) on the disputed issues of whether TRX tokens are securities, whether Tron Foundation was a statutory seller in relation to secondary market transactions and whether TRX tokens were impacted by the

managerial efforts of the Defendant issuers," and "[t]he evidence being sought in the Request goes to the heart of these disputed issues." *Id.* ¶ 21. And Defendants notably do not dispute that Wintermute acted as a marketmaker in connection with the TRX token. *Id.* ¶ 23. Accordingly, Plaintiffs' requests do not amount to a "fishing expedition" or impermissible "pre-trial discovery" under English law, *id.* ¶ 21, and Defendants' objections to the Application on that basis are meritless.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Application.

Dated:   August 6, 2025                          Respectfully submitted,
         New York, NY
                                                 SELENDY GAY PLLC


                                         By:    */s/ Jordan A. Goldstein*
                                                Jordan A. Goldstein
                                                Oscar Shine
                                                David A. Coon
                                                SELENDY GAY PLLC
                                                1290 Avenue of the Americas
                                                New York, NY 10104
                                                jgoldstein@selendygay.com
                                                oshine@selendygay.com
                                                dcoon@selendygay.com

                                                *Attorneys for Plaintiffs and the Proposed Class*

## <u>STATEMENT PURSUANT TO LOCAL RULE 7.1(c)</u>

I, Jordan A. Goldstein, certify under penalty of perjury pursuant to 28 U.S.C. § 1746, that the total number of words in the foregoing brief, inclusive of headings and footnotes and exclusive of pages containing the caption, table of contents, table of authorities, signature block, and this statement, is 1337 words, and therefore complies with Local Rule 7.1(c). In determining the number of words in the foregoing Memorandum, I relied upon the word count of the word-processing system used to prepare the document.

Dated:   August 6, 2025
         New York, NY

Respectfully submitted,

SELENDY GAY PLLC

By:   */s/ Jordan A. Goldstein*
      Jordan A. Goldstein
      Oscar Shine
      David A. Coon
      SELENDY GAY PLLC
      1290 Avenue of the Americas
      New York, NY 10104
      jgoldstein@selendygay.com
      oshine@selendygay.com
      dcoon@selendygay.com

      *Attorneys for Plaintiffs and the Proposed Class*