```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COREY HARDIN and CHASE WILLIAMS,              :
individually and on behalf of all others       :       20-CV-2804 (VSB) (RWL)
similarly situated                             :
                                               :
                                               :
              Plaintiffs,                      :
                                               :
      - against -                              :       ORDER
                                               :
                                               :
TRON FOUNDATION, JUSTIN SUN, and               :
ZHIQIANG (LUCIEN) CHEN,                        :
                                               :
              Defendants.                      :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 28, 2025, Plaintiffs filed an application for the issuance of letters rogatory to LBK Blockchain Co., Limited, located in the British Virgin Islands, and Wintermute Trading Ltd., located in the United Kingdom. (Dkt. 175.)

Defendants oppose the application insofar as (1) both set of requests define "Defendants" and "TRON Foundation" in an overly expansive way, and (2) the Wintermute application does not comply with UK laws governing discovery. (Dkt. 178.)

The first objection is overruled. Parsing the definition as Defendants suggest would put the recipients in the impossible position of having to make a legal conclusion as to the capacity in which a person acting on behalf of Defendant Sun had communicated with the recipient. The Court agrees with Plaintiffs that there is low risk that the existing definitions will sweep in extraneous documents.

As for the second objection, the Court finds that the requests do not in and of themselves constitute impermissible pretrial discovery as that term has been interpreted by UK Courts in years since the authority cited by Defendants; however, the Court does

1

have concerns that the requests in part do not meet the requirement – which even Plaintiff's UK legal expert agrees is the applicable standard – that "a compendious description of documents" is permissible "provided that the exact document in each [is] clearly indicated."  (Dkt. 179 at 4.)  In particular, the Court finds the term "Market-Making Activities as defined to be quite vague (i.e., "(i) providing price support for a digital asset, (ii) creating or improving liquidity for sales, purchase or other trades of a digital asset, or (iii) any other actions to support, maintain, or affect the price of such digital asset.")  As Plaintiffs are aware, the Court found impermissibly vague similar requests made directly to Defendants.  Compounding the problem is the broad use of "all Documents and Communications" in conjunction with request number 1, "concerning any agreements (whether formal or informal discussed, established, or agreed)," and, in conjunction with request number 2, "any actions taken by You to support, maintain, or affect the market price for TRX."  In short, neither request 1 or 2 sufficiently describe "exact" documents.

Accordingly, the application is DENIED WITHOUT PREJUDICE to renew upon modifying the requests so that they comply with the requirements of UK law.

The Clerk of Court is respectfully directed to terminate the application at Dkt. 175.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 7, 2025
       New York, New York

Copies transmitted this date to all counsel of record.

2