# FENWICK

902 Broadway
18th Floor
New York, NY 10010-6035

212.430.2600
Fenwick.com

Alex Weiss
AWeiss@fenwick.com | 212.970.5914

June 11, 2026

**VIA ECF**

Hon. Robert W. Lehrburger
U.S. Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

Granted.

**SO ORDERED:**

6/11/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:     Hardin et al. v. Tron Foundation et al., No. 1:20-cv-2804-VSB-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Pursuant to Your Honor's Individual Rules Section III.G and Appendix B.4, Defendants Tron
Foundation Limited and Justin Sun ("Defendants") respectfully move to preserve redactions in
Plaintiffs' Letter Motion dated June 1, 2026 (the "Motion") (ECF Nos. 217, 218) and to keep
under seal Exhibits I-N attached thereto (the "Sealed Materials").

The Sealed Materials contain: (1) Mr. Sun's personal email addresses—private information that
should not be publicly disclosed; and (2) sensitive or private business information concerning
Defendants' relationships and negotiations with third parties not before the court (including
their email addresses).  As explained in Defendants' Opposition to the Letter Motion filed on
June 4, 2026 (ECF No. 220), these discovery materials were produced many months ago
(starting in September 2025), and were designated as confidential (without objection from
Plaintiffs) under the Court's protective order dated January 29, 2025 (ECF No. 125).  The parties
have met and conferred, and Plaintiffs have stated they have no position on this matter.[1]

Plaintiffs' Letter Motion seeks to require Defendants to search for and produce documents
from Mr. Sun's personal email accounts.  That Motion does not relate to the substance of these
documents per se as they have no meaningful bearing on this case (much less on class
certification to which discovery is exclusively devoted); instead, Plaintiffs have used them to
argue (incorrectly) that Mr. Sun (sued only as a control person) has used his personal email for
business purposes.  Where, as here, the Sealed Materials relate to private or confidential
discovery materials, and are not critical to the disposition of the merits, they fall within the
confidentiality protections courts have recognized.

The Second Circuit applies a three-step test to determine whether sealing is appropriate.  *See
Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  *First*, the court

---

[1] This includes with respect to Ex. H, which relates to Plaintiffs' information.  Defendants do not seek to seal that
exhibit, which is a matter for Plaintiffs.

Hon. Robert W. Lehrburger
June 11, 2026
Page 2

determines whether the documents at issue are "judicial documents" to which the presumption of public access attaches.  *Second*, the court assesses the weight of the presumption based on the document's role in the exercise of judicial power*.  Id.* at 119.  "The presumption of public access in filings submitted in connection with discovery disputes…is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 257 (S.D.N.Y. 2022) ("[W]here the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight.").  Moreover, as Your Honor has held, "[t]he weight of the presumption is weaker with respect to material submitted by the parties…that the parties do not cite, quote, or rely on."  *Aleksanian v. Uber Techs. Inc.*, 2026 WL 836027, at *2 (S.D.N.Y. Mar. 26, 2026).

*Third*, the court balances countervailing interests against the presumption.  *Lugosch*, 435 F.3d at 119.  Courts permit sealing or redaction of personal information to protect individual privacy and of commercially sensitive information.  *See, e.g.*, *Aleksanian*, 2026 WL 836027, at *3 (collecting cases); *Nock v. Spring Energy RRH, LLC*, 2025 WL 487307, at *2 (S.D.N.Y. Feb. 13, 2025) (Lehrburger, J.) (allowing redaction of information that "is either private and personal information subject to redaction pursuant to the Federal Rules of Civil Procedure, or business-related information that is sufficiently sensitive and tangential to the motion so as to outweigh the presumption to public access"); *IBM Corp. v. Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information").

The Sealed Materials meet this standard.  Even assuming arguendo that they constitute judicial documents simply because Plaintiffs chose to attach them to a non-dispositive motion, discovery materials are not subject to the same "public access" considerations as complaints or other pleadings, and all the more so where Plaintiffs do not rely on the actual substance of the emails themselves (as opposed to their existence).  *See Aleksanian*, 2026 WL 836027, at *2.

Any presumption of access to the Sealed Materials is further outweighed by countervailing privacy interests.  Mr. Sun's privacy interest in maintaining the confidentiality of his personal email addresses outweighs the minimal presumption of public access. *See Batanjany v. Clear St. Mgmt. LLC*,  2026 WL 1362168, at *8 (S.D.N.Y. May 15, 2026) (Lehrburger, J.) (sealing personal numbers, home addresses, and email addresses where "there is nothing about the personal address and phone information of the individual identified in the document that is relevant to the Court's consideration").  Additionally, public disclosure of the Sealed Materials would violate the privacy interests of "innocent third parties."  *Mirlis v. Greer*, 952 F.3d 51, 62 (2d Cir. 2020) (holding that the privacy interests of an "innocent third party…weigh heavily in a court's

Hon. Robert W. Lehrburger
June 11, 2026
Page 3

balancing equation") (citation modified). Exhibits I, K, L, and M are emails with various third parties, including their email addresses.  Exhibit J is an email chain between Mr. Sun and a charitable organization discussing, among other things, a donation to the organization.  As such, the privacy interests of Defendants and third parties outweigh the minimal presumption of access.

Defendants' commercial interests related to certain of the Sealed Materials also outweigh the minimal presumption of public access.  Exhibit M is a support chat with an exchange relating to pre-ICO business matters, and Exhibit I relates to private communications regarding the listing process of another exchange.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing information about a company's "business operations"); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing decade-old confidential business information).  Those communications were plainly made with an expectation of privacy and should be protected in the context of the current discovery matter.

Defendants respectfully request that the Court grant this unopposed motion and permit Defendants to maintain under seal the Motion (in redacted form) and the Sealed Materials.

Sincerely,

FENWICK & WEST LLP

Alex Weiss

cc:      All Counsel of Record (*via ECF*)