UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COREY HARDIN and CHASE WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

TRON FOUNDATION, JUSTIN SUN, and ZHIQIANG (LUCIEN) CHEN,

Defendants.

20-CV-2804 (VSB) (RWL)

**ORDER ON MOTION TO COMPEL THE SEC (DKT. 252)**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a putative class action alleging that Defendants promoted and sold digital tokens under the moniker TRX without complying with both federal and state laws and regulations governing securities. On September 18, 2026, Plaintiffs filed their motion for class certification. Presently before the Court is Plaintiffs' motion to compel the United States Securities and Exchange Commission ("SEC") to comply with a subpoena served pursuant to Federal Rule of Civil Procedure 45 (the "Subpoena").[1] The motion is opposed both by Defendants (Dkt. 258) and by the SEC (Dkt. 263). Having considered the parties' arguments across three rounds of briefing,[2] the Court concludes that the motion to compel should be and hereby is DENIED.

[1] On August 27, 2026, the District of the District of Columbia ordered that the motion to compel be transferred to this District. (Dkt. 252-3.)

[2] The three-rounds of briefing correspond to when: (1) Defendants filed a letter motion to quash in this District (*see* Dkts. 201-204); (2) Defendants filed a motion to quash in the District of Columbia; and (3) the parties filed letter briefing after transfer of the motion to this District (*see* Dkts. 252, 258, 263). The only brief on file from the District of Columbia litigation is Plaintiff's (Dkt. 252-2), which the Court has reviewed. Although the Court has

## The Requests At Issue

Plaintiffs seek to compel production of two broad categories of documents. The first category encompasses the "Interpretation" documents. The Interpretation refers to the SEC's interpretative guidance issued earlier this year addressing application of federal securities laws to certain types of "crypto" assets and transactions.[3] The documents sought by Plaintiffs include the administrative record for the Interpretation, including all documents directly or indirectly relied upon by the SEC in connection with the drafting, review, and approval of the Interpretation, as well as all documents concerning any communications or meetings with Defendants regarding the Interpretation, and all documents concerning the SEC's consideration of TRX in connection with the Interpretation.

The second category of documents concern the "SEC Action" – an enforcement action the SEC filed against Tron, Sun, and others that settled around the same time the SEC issued the Interpretation.[4] The documents sought by Plaintiffs in connection with the SEC Action include all documents and communications underlying the SEC's allegation that TRX constituted a security; all documents regarding Defendants' efforts to promote TRX as an investment; and all documents produced or provided to the SEC,

---

not received the Defendants' and SEC's briefs from the District of Columbia action, the Court has sufficient information on which to rule in their favor as set forth in this decision.

[3] The Interpretation is titled "Application of the Federal Securities Laws to Certain Types of Crypto Assets and Certain Transactions Involving Crypto Assets," Release Nos. 33-11412 and 34-105020, dated March 17, 2026. It can be publicly accessed at https://www.sec.gov/files/rules/interp/2026/33-11412.pdf.

[4] The SEC Action was filed on March 22, 2023. Following settlement, judgment was entered on March 9, 2026. *Securities and Exchange Commission v. Justin Sun, et al.*, No. 23-CV-2433 (S.D.N.Y. Mar. 9, 2026) (Dkt. 98).

whether pursuant to subpoena or otherwise, concerning Defendants' efforts to promote TRX as an investment or whether TRX is, or at any point was, a security.

## Discussion

The parties' arguments present the Court with four primary issues to consider: (1) whether the Court has jurisdiction over the dispute; (2) whether the SEC waived its right to object; (3) the applicable standard of review; and (4) whether the Subpoena imposes undue burden on the SEC. The Court addresses each issue in turn.

## I. Jurisdiction

Defendants contend that the Court lacks jurisdiction to consider the motion to compel because Plaintiffs have not exhausted their administrative remedies under the SEC's *Touhy* regulations governing the production and disclosure of information for purposes of legal proceedings.[5] (Dkt. 258 at 1.) Defendants acknowledge, however, that "[t]he SEC may waive exhaustion." (*Id*. at 2 n.2.) The SEC's response, filed two days after Defendants filed their opposition, did not assert failure to exhaust or lack of jurisdiction as reasons not to comply. The SEC instead raised other issues, focusing particularly on undue burden. (Dkt. 263.) Accordingly, the Court deems the SEC to have

[5] *Touhy* refers to *United States ex rel. Touhy v. Ragen*, in which the Supreme Court held that an FBI employee who invoked Department of Justice regulations governing the disclosure of information as a basis to refuse to answer a subpoena could not be held in contempt of court. 340 U.S. 462, 468 (1951); *see also Harrison v. City of New York*, 817 F. Supp.3d 132, 140 (E.D.N.Y. 2025); *Wultz v. Bank of China Ltd*., 61 F. Supp.3d 272, 278 (S.D.N.Y. 2013). "The purpose of such regulations … is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Agility Public Warehousing Co. K.S.C.P. v. United States Department of Defense*, 246 F. Supp.3d 34, 41 (D.D.C. 2017) (internal quotation marks omitted).

waived the exhaustion requirement and finds that the Court has jurisdiction to consider the matter.

## II. Waiver

Plaintiffs argue that the SEC waived its right to object to the Subpoena because the SEC submitted its objections on April 15, 2026, 20 days after service of the Subpoena, and emailed its objections without Plaintiffs having consented to electronic service. (Dkt. 252 at 1.) The Court rejects that argument and finds good cause to excuse any failure by the SEC to strictly comply with Rule 45's requirements.

First, Plaintiffs' *Touhy* letter asked the SEC to respond "by April 15, 2026" (the Subpoena's return date), to state any objections "in writing," and to contact counsel by phone or "email." (Dkt. 252-1 at ECF 3.) The SEC could reasonably have understood from Plaintiffs' *Touhy* letter that Plaintiffs were asking for any objections to be provided by April 15, 2026 (thereby waiving the 14-day deadline applicable under the Federal Rules), and sent by email (rather than served by some other means). Second, the timing and content of the SEC's exchanges with Plaintiffs' counsel demonstrate the SEC acted in good faith. Third, the objections should have been no surprise to Plaintiffs given the considerable overbreadth of the Subpoena's requests. Fourth, the SEC's objections have merit as confirmed by the Court's present decision. Fifth, Plaintiffs incurred no prejudice; Plaintiffs received the objections as emailed, and they have not posited any prejudice from receiving the responses after 20 days instead of 14 days. *See Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-CV-5067, 2017 WL 4676806, at *17 (S.D.N.Y. Oct. 17, 2017) (finding no waiver and explaining factors courts consider in determining if there is good cause to excuse untimely service of objections); *Concord*

*Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51-52 (S.D.N.Y. 1996) (same); *Atlantic NY AGV, LLC v. Vision Buick GMC, LLC*, No. 6:25-CV-6047, 2026 WL 1429269, at *5 (W.D.N.Y. May 21, 2026) (same).

The SEC thus did not waive its right to object to the Subpoena.

## III. Standard Of Review

Separate from the jurisdictional question that may arise when a Rule 45 subpoena is served on a non-party federal government agency, there is a question of what standard applies to review of a motion to compel compliance with subpoena when it is properly in federal court: "the arbitrary and capricious standard of the APA, 5 U.S.C. § 706(2)(A), or the standard set forth in Rule 45 of the Federal Rules of Civil Procedure." *Abdou v. Gurrieri*, No. 05-CV-3946, 2006 WL 2729247, at *4 (E.D.N.Y. Sep. 25, 2006).

The Second Circuit has "left undecided whether section 706 of the [APA] or the Federal Rules of Civil Procedure provides the appropriate standard of review when a challenge to a non-party agency's subpoena response is brought by a motion to compel." *In re Terrorist Attacks on September 11, 2001*, 523 F. Supp.3d 478, 488 (S.D.N.Y. 2021). "[C]ourts in the Circuit have frequently chosen to apply the Federal Rules." *Alchemy Management Partners, LLC v. N-Touch Strategies, LLC*, No. 24-CV-2876, 2026 WL 412083, at *1 n.1 (S.D.N.Y. Feb. 13, 2026) (citing cases). The D.C. Circuit, "which handles the largest number of federal agency subpoenas," does the same. *Id.* (citing *Watts v. S.E.C.*, 482 F.3d 501, 508 (D.C. Cir. 2007)).

"[B]ecause the Court would reach the same result under either standard," however, "it is unnecessary to decide which standard of review is applicable." *Solomon v. Nassau County*, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). As explained next, the Court finds that the

SEC's objections to the Subpoena are valid and sustained under the standards of the Federal Rules principally because of the undue burden placed on the SEC. The SEC's declination to comply is therefore neither arbitrary nor capricious.

## IV. Undue Burden

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A party serving a subpoena on a non-party, however, must avoid imposing undue burden on that non-party, Fed. R. Civ. P. 45(d)(1), and the Court may quash or modify a Subpoena that fails to do so, Fed. R. Civ. P. 45(d)(3)(A)(iv). The Court must limit discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). With respect to subpoenas served on federal agencies, "[d]iscovery under Rules 26 and 45 must properly accommodate 'the government's serious and legitimate concern that its employees not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations.'" *In re Terrorist Attacks*, 523 F. Supp.3d at 489-90 (quoting *Exxon Shipping Co. v. United States Department of the Interior*, 34 F.3d 774, 778-79 (9th Cir. 1994)).

"The party seeking discovery bears the initial burden of proving the discovery is relevant." *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp.3d 124, 139 (S.D.N.Y. Sep. 1, 2017). "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the [subpoena recipient] to demonstrate an undue burden." *In re Terrorist Attacks*, 523 F. Supp.3d at 489. "The trial court has broad discretion to determine whether a subpoena imposes an undue burden." *Id.* (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, [and] the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03-CV-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (internal quotation marks omitted).

**A. The Interpretation Documents**

With these standards in mind, the Court first assesses whether requiring the SEC to produce the entire administrative record pertaining to the Interpretation, including all documents directly or indirectly relied upon by the SEC in connection with the drafting, review, and approval of the Interpretation, all documents concerning any communications or meetings with Defendants regarding the Interpretation, and all documents concerning the SEC's consideration of TRX in connection with the Interpretation, imposes an undue burden. Certainly, the Interpretation has relevance to the instant litigation. One of the primary issues in the case is whether TRX qualifies as a security subject to the regulations governing securities. Indeed, Defendants have argued that the instant case is "predicated

on SEC guidance" and that the SEC's views should "guide how [the Court] would even determine whether something is a securities offering." (Dkt. 153 at 4:18, 11:15-17.)

But Plaintiffs (and the Court) already have access to a wealth of material underlying the Interpretation. The Interpretation is publicly available. It is 68 pages long, includes 149 footnotes mostly devoted to source citations (most of which are publicly available documents such as published cases and statutes), and provides links to videos of Crypto Task Force Roundtables, over 300 written submissions the SEC Crypto Task Force received, and information about over 200 meetings the Crypto Task Force held. Plaintiffs thus have access to the information relied upon by the SEC for the Interpretation.

Plaintiffs argue that the Interpretation's source materials are needed to determine the weight the Court should give the Interpretation. The materials referenced in the Interpretation are all the Court needs to do so. Plaintiffs have not explained why any documents other than those cited in the Interpretation may be relevant. Yet, if the SEC were required to search for all documents requested concerning the Interpretation, the SEC would need to search the files and communications of at least 40 SEC staff members and assess what, if anything, the SEC relied on that was not cited in the Interpretation. (Declaration of Sebastian Gomez Abero ("Abero Decl."), dated Oct. 9, 2026, Dkt. 263-1, ¶ 3.)

To be sure, some factors relevant to the analysis weigh in favor of compliance, such as the importance of the issues at stake (whether crypto assets are securities), the amount in controversy (presumably tens or hundreds of millions of dollars), Plaintiffs' presumed lack of access to some of the materials requested (documents the SEC considered but did not reference in the Interpretation). Nonetheless, the Court finds the

factors weighing in favor of compliance are substantially outweighed by other factors establishing undue burden. Of primary importance, Plaintiffs already have access to the vast trove of material relied on by the SEC as cited and linked in the Interpretation. The potential relevance of material not cited in the Interpretation is speculative and marginal at best. Moreover, SEC communications with Defendants presumably are available from Defendants themselves. Plaintiffs have not suggested otherwise. Quite simply, the discovery sought is not proportional to the needs of the case.[6]

**B. The SEC Action Documents**

Plaintiffs seek to piggy-back on SEC's now-settled litigation against Tron and Sun. They thus request "[a]ll documents produced or provided to [the SEC] by any Person in connection with or in relation to the SEC Action … concerning Defendants' efforts to promote TRX as an investment or whether TRX is, or at any point was, a security." (Dkt. 252-1 at ECF 15, Request 9.) They also request all such documents underlying particular allegations in the SEC Action complaint. (*Id.* Requests 5, 7.) The Court agrees with the SEC that these demands place an undue burden on the SEC.

First, the documents sought largely are available from Defendants or public sources. "Of the documents the SEC obtained in the Investigation from third parties, a majority were produced to the SEC by the defendants" in the instant case "or their employees and agents." (Declaration of Adam Gottlieb ("Gottlieb Decl."), dated Oct. 9,

---

[6] The SEC asserts that the burden on it would be "exacerbated" if the SEC were to produce documents it "directly or indirectly considered, relied upon, or reviewed in connection with drafting, review, and approval of the Interpretation" but did not cite in the Interpretation, because doing so would impinge on the deliberative process privilege. (Dkt. 263 at 3; Abero Decl. ¶ 6.) While that may be so, the Court does not have before it sufficient information to make that assessment and therefore does not base its decision on that contention.

2026, Dkt. 263-2, ¶ 4.) And, "SEC staff relied largely on publicly available information to support allegations in the SEC Action that the defendants in that action publicly promoted the TRX token as an investment." (*Id.* ¶ 5.) While availability from other sources does not absolve a party of having to comply with discovery requests, that is a significant consideration where the targeted source is a non-party. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Second, disclosing what supports or underlies particular allegations advanced by the SEC (beyond what is in the Complaint) would reveal the mental impressions, conclusions, opinions, and legal theories of the SEC's attorneys that constitute protected attorney work product. Third, going through that exercise – determining which documents from third parties underlie particular allegations or concern "Defendants' efforts to promote TRX as an investment or whether TRX is, or at any point was, a security" – would require the SEC to re-review such materials and expend considerably more time than if they merely had to locate a particular file or set of files and produce it. (*See* Gottlieb Decl. ¶ 6.)

Considering all relevant factors, the Court determines that requiring the SEC to comply with Requests for the SEC Action documents poses an undue burden and is not proportional to the needs of the case.

**Conclusion**

For the foregoing reasons, Plaintiffs' motion to compel the SEC to comply with the Subpoena is DENIED. To the extent not discussed above, the Court has considered the Plaintiffs' arguments and found them to be either moot or without merit.

SO ORDERED.

ROBERT W. LEHRBURGER

UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2026
New York, New York

Copies transmitted this date to all counsel of record.