1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Granted.

SO ORDERED:

11/24/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

November 23, 2026

**Via ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Hardin, et al. v. Tron Foundation et al.*, No. 1:20-cv-2804-VSB-RWL (S.D.N.Y.)**

Dear Judge Lehrburger:

We write on behalf of Plaintiffs pursuant to Your Honor's Individual Practices in Civil Cases, Section III.G and Appendix B.4, to respectfully move to preserve redactions to Plaintiffs' personal and private information included in Defendants' Motion for a Discovery Conference (Dkt. 268, the "Motion"), Exhibits C (Dkt. 268-3) and D (Dkt. 268-4) attached thereto, Plaintiffs' Response in Opposition to the Motion (Dkt. 270, the "Response"), and Exhibits 2 (Dkt. 270-2), 3 (Dkt. 270-3), 4 (Dkt. 270-4), and 5 (Dkt. 270-5) attached thereto (collectively, the "Redacted Materials).[1] Additionally, Plaintiffs respectfully move the Court to maintain under seal Plaintiffs' deposition transcripts, which were attached to the Motion as Exhibits A (Dkt. 268-1) and B (Dkt. 268-2), and to the Response as Exhibits 6 (Dkt. 270-6) and 8 (Dkt. 270-8) (collectively, the "Sealed Exhibits"). The parties conferred via email and Defendants consent to redact and seal the aforementioned documents.

The Second Circuit applies a three-step test to determine whether a document may be redacted or sealed. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). *First*, the court must determine whether the documents are "judicial documents" for which there is a presumption of public access. *Second*, if the documents are judicial documents, the court assesses the weight of the presumption of public access based on the document's role in exercising Article III judicial power. *Id.* at 119. With respect to this Motion, "[m]aterials submitted in connection with a discovery dispute 'play only a negligible role in the performance of Article III duties,' and the presumption of access to them is accordingly low." *Advanced Tech. Grp., Inc. v. L3Harris Techs., Inc.*, 2026 WL 2944393, at *2 (S.D.N.Y. Sept. 30, 2026) (quoting *Brown v.*

---

[1] As described below, redactions are limited to portions of the Redacted Materials containing Plaintiffs' personal email addresses and information sufficient to identify Plaintiff Corey Hardin's and/or third parties' personal financial information. *See* Appendix A (the "Proposed Redactions"). Plaintiffs understand they may redact Mr. Hardin's wallet address as of right pursuant to Federal Rule of Civil Procedure 5.2(a)(4) and Appendix A of Your Honor's Individual Practices in Civil Cases. However, Plaintiffs seek to additionally redact transaction hashes, block numbers, and smart contract numbers, which, when coupled with time stamp information, are sufficient to identify individual wallet addresses using Tronscan.org.

*Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019)). Moreover, the "weight of the presumption is weaker with respect to material submitted by the parties … that the parties do not cite, quote, or rely on." *Aleksanian v. Uber Techs. Inv.*, 2026 WL 846027, at *2 (S.D.N.Y. Mar. 26, 2026) (Lehrburger, J.).

*Third*, once the court determines the weight of the presumption, it must balance "competing considerations against it," including but not limited to "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotations omitted). Traditionally, private information such as personal email addresses weighs heavily against the presumption of access. *See Batanjany v. Clear St. Mgmt. LLC*, 2026 WL 1362167¸ at * 8 (S.D.N.Y. May 15, 2026) (Lehrburger, J.) (granting motion to seal email addresses). Moreover, courts generally hold that financial information, including account numbers and transfer information, should be filed under seal. *See Broadhurst Investments, LP v. Bank of N.Y. Mellon*, 2010 WL 3154840, at *6 (S.D.N.Y. Aug. 2, 2010) (noting financial information such as bank account and wire transfer information should be filed under seal).

***The Redacted Materials.*** The Redacted Materials contain Plaintiffs' personal and private information that would harm Plaintiffs if disclosed, heavily outweighing the weak presumption of public access to that information for this Motion. Plaintiffs' proposed redactions are limited to (i) Plaintiffs' personal email addresses, (ii) Mr. Hardin and third parties' TRX wallet addresses, and (iii) additional transaction information that, when coupled with the relevant time stamp, is sufficient to identify Mr. Hardin's wallet address. That additional transaction information includes three categories of information: (1) transaction hashes, which identify the specific wallets that participated in a transaction; (2) block numbers, which identify all wallet addresses that recorded transaction on a particular block on the blockchain, as well as the exact time of those transactions; and (3) smart contract numbers, which record the wallet addresses that participated in transactions executed pursuant to that smart contract and the exact time of those transactions. Therefore, if the Redacted Material is disclosed, Mr. Hardin's (and others') wallet addresses would be easily discernable, creating a great threat of potential harm through fraud or identity theft. *See id.* (quoting *Bunkers Int'l v. Orient Oil*, 2008 WL 5431166, at *1 (S.D.N.Y. Dec. 23, 2008)). The court should thus grant Plaintiffs' request to file the Redacted Materials with the Proposed Redactions.

***The Sealed Exhibits.*** The Sealed Exhibits are excerpts of Plaintiffs' deposition transcripts (Exhibits A and B) or full versions of Plaintiffs' deposition transcripts and errata (Exhibits 6 and 8). As an initial matter, the vast majority of the testimony contained in the Sealed Exhibits was not cited or is not relevant to the Motion and Response. *See Aleksanian,* 2026 WL 846027, at *2 (noting presumption is weakest for materials not cited or relied upon). Moreover, the Sealed Exhibits contain testimony related to private and personal matters, such as to Plaintiffs' work history or business dealings, Plaintiffs' financial information, Plaintiffs' political beliefs, and Plaintiffs' relationships with family and friends.[2] As such, Plaintiffs designated both deposition transcripts as confidential pursuant to the Protective Order in this action. Dkt. 127. Given the presumption of public access to documents related to this Motion is negligible, and because these

[2] *E.g.* Ex. A 32:15-23 (friend's personal information), 148:1-18 (transaction information), 158:21-160:25 (personal information), 199:7-9 (financial information); Ex. B 47:13-23 (business information), 227:7-20 (account security information); Ex. 6 40:25-41:20 (business information), 99:19-24 (financial information); Ex 8 155:15-156:11 (document designated highly confidential), 256:4-259:18 (political beliefs).

documents contain personal and private information that the parties presumed would remain private pursuant to the Protective Order, the Court should allow them to remain under seal.

Therefore, Plaintiffs respectfully request the Court grant this unopposed motion and permit the parties to apply the Proposed Redactions to the Redacted Materials, and maintain the Sealed Exhibits under seal.

Respectfully submitted,

*/s/ Jordan A. Goldstein*

Jordan A. Goldstein
Oscar Shine
David A. Coon
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
jgoldstein@selendygay.com
oshine@selendygay.com
dcoon@selendygay.com

*Attorneys for Plaintiffs and the Proposed Class*

cc: All Counsel of Record (via ECF)